**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Chic Promotions, Inc.,

    Plaintiff,

    v.                                    Case No. 1:07cv417

Jewelers Mutual Ins. Company,           Judge Michael R. Barrett

    Defendant.

**OPINION & ORDER**

This matter is before the Court on Defendant Jewelers Mutual Insurance Co.'s Motion for Summary Judgment (Doc. 26), Plaintiff Chic Promotions, Inc.'s Memorandum in Opposition to Defendant's Motion for Summary Judgment (Doc. 27), and Defendant's Reply Brief in Support of Motion for Summary Judgment (Doc. 28).

**I.    BACKGROUND**

Between June 4, 1991 and June 4, 1992, Plaintiff Chic Promotions, Inc. had an insurance policy with Defendant Jewelers Mutual Insurance Company. (Doc. 26, p. 2). This was a "Jewelers Pak" policy, numbered JP-OH-300444 ("The Policy"). (Doc. 2, ¶ 3; Doc. 26, Ex. 1).[1] The Policy had a $20,000 limit of liability for Business Personal Property, and a $60,000 limit for coverage of Chic's merchandise held for sale. (Doc. 26, p. 2; Doc. 26, Ex. 1, pp. 2-3). The Policy stated: "No suit to recover any loss may be brought against us unless . . . the suit is commenced within one year after the loss." (Doc. 26, Ex. 1, pp. 16, 52).

On April 22, 1992, Chic's business was burglarized. (Doc. 2, ¶ 4; Doc. 4, ¶ 4). Chic

---

[1] Jewelers issued a second policy, but the parties have stipulated that Chic has no claim under that policy. (Doc. 25).

claims to have losses of $300,000. (Doc. 2, ¶ 4). It gave timely notice to Jewelers of this loss. (Doc. 4, ¶ 7; Doc. 2, ¶ 7).

Chic and Jewelers have been involved in three previous suits concerning the 1992 burglary. (Doc. 26, p.3). The first suit was filed in June of 1992. A customer of Chic's sued Chic in state court and Jewelers was also added as a defendant. (Doc. 26, p. 3; Doc. 26, Ex 2, p. 1). By order of the Butler County Court of Common Pleas, Jewelers deposited $60,000 with the court for distribution of plaintiff's claims. (Doc. 26, p. 3). The court later distributed that money and "released and discharged from any further liability to the defendants herein under the Property coverage Section of the Policy relating to the burglary loss occurring on April 22, 1992, with the exception of the cash loss claimed by Chic." (Doc. 26, p. 3; Doc. 26, Ex. 3, pp. 1-2; Doc. 26, Ex 2). The court also ordered that "each of the defendants be restrained from instituting any actions against Jewelers Mutual for recovery of insurance proceeds under the Property Coverage Section of the Policy, for the burglary loss occurring on or about April 22, 1992." (Doc. 26, Ex. 3, p. 1).

The second suit began in 1994. Chic joined with Jewelers in a suit against the parties responsible for manufacturing, selling, and installing the alarm system it had at the time of the burglary. *Chic Promotions, Inc. v. Middletown Security Systems, Inc.*, 78 Ohio St.3d 1457, 677 N.E.2d 816 (Ohio 1997) (No. 97-0186). Summary judgment was granted as to one of the defendants. The remaining defendants then settled with Chic and Jewelers.

The third suit was brought by Chic in 1996. (Doc. 26, Ex. 4, pp. 1-3). Chic named Jewelers as a defendant, and claimed Jewelers had negligently inspected the alarm system. (Doc. 26, Ex. 4, pp. 1-3). Chic voluntarily dismissed that suit "without prejudice

to a new action" on June 23, 1997. (Doc. 26, Ex. 5).

In 2007, Chic contacted an insurance claims expert who, according to Chic, "discovered that Jewelers entire pattern of handling in this matter constituted bad faith." (Doc. 27, p. 2). In response, on April 23, 2007, Chic filed the current suit against Jewelers in the Butler County Common Pleas Court. (Doc. 2). Chic claims that Jewelers breached its contract of insurance and that it acted in bad faith towards Chic regarding the insurance policy. (Doc. 2). Jewelers removed to this Court (Doc. 1). In its Motion for Summary Judgment, Jewelers claims that Chic's claims are barred by the statute of limitations.

## II. ANALYSIS

### A. Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The mere existence of a scintilla of evidence to support the non-moving party's position will be insufficient; the evidence must be sufficient for a jury to reasonably find in favor of the non-moving party. *Id.* at 252. The proper inquiry is whether the evidence could lead a reasonable jury to

return a verdict for the non-moving party. *Id.*; *University of Pittsburgh v. Townsend*, 542 F.3d 513, 522 (6th Cir. 2008).

B. **Breach of contract**

Chic did not address its breach of contract claim in its Memorandum in Opposition to Defendant's Motion for Summary Judgment. (*See* Doc. 27). "When a plaintiff asserts a claim in a complaint but then fails to delineate that claim in her brief in opposition to summary judgment, that claim is deemed abandoned." *E.E.O.C. v. Home Depot U.S.A., Inc.*, No. 4:07CV0143, 2009 WL 395835, *17 (N.D. Ohio Feb. 17, 2009) (slip op.); *see also Clark v. City of Dublin,* No. 05-3186, 2006 WL 1133577, *3 (6th Cir. Apr. 27, 2006) (unpublished) (finding that the district court did not err when it found that, because the appellant did not properly respond to the arguments asserted against his ADEA and ADA claims by the appellees in their motion for summary judgment, the appellant had abandoned his ADEA and ADA claims); *Conner v. Hardee's Food Sys.,* No. 01-5679, 2003 WL 932432, *4 (6th Cir. Mar. 6, 2003) (unpublished) (finding that, "Because Plaintiffs failed to brief the issue before the district court . . . Plaintiffs abandoned their ... claim."); *Anglers of the Au Sable v. U.S. Forest Serv.,* 565 F. Supp. 2d 812, 839 (E.D.Mich. 2008) ("It is well settled that abandonment may occur where a party asserts a claim in its complaint, but then fails to address the issue in response to an omnibus motion for summary judgment."). Therefore, the Court deems Chic's claim for breach of contract abandoned, and Jewelers is entitled to summary judgment on this claim.[2]

---

[2]Moreover, any contract claim would be subject to the one-year limitation contained in the Policy.

### C. Bad faith under Ohio law

"[A]n insurer has a duty to act in good faith towards its insured in carrying out its responsibilities under the insurance policy." *Vogias v. Ohio Farmers Ins. Co.*, 894 N.E.2d 1265, 1272 (Ohio Ct. App. 2008), *citing Hoskins v. Aetna Life Ins. Co.*, 452 N.E.2d 1315, 1316 (Ohio 1983). "[A] cause of action in tort in Ohio arises when an insurer breaches its duty to the insured to act in good faith. This claim exists irrespective of the contractual liability, and the limitation period in the contract does not apply to such actions." *Thomas v. Allstate Ins. Co.*, 974 F.2d 706, 711 (6th Cir. 1992). Instead, "claims based upon a breach of the duty of good faith are tort claims and, as such, are controlled by the four-year limitations period established by R.C. 2305.09(D)." *Bullet Trucking, Inc. v. Glen Falls Ins. Co.*, 616 N.E.2d 1123, 1126 (Ohio App. 1992), *citing* Ohio Rev. Code § 2305.09.

Given that the last known contact between Chic and Jewelers was on June 23, 1997 when Chic voluntarily dismissed the 1996 case (Doc. 26, Ex. 5), the four-year statute of limitations has long since passed. Chic filed the present case in Butler County on April 23, 2007. However, Chic argues that the four-year statute of limitations does not bar its claim because it did not discover the bad faith until some time in 2007 when it was alerted by an expert in the insurance industry.

In Ohio, "[o]rdinarily, a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed." *Collins v. Sotka*, 81 Ohio St. 3d 506, 507, 692 N.E.2d 581 (Ohio 1998) (citation omitted). However, under the discovery rule, a cause of action accrues when the plaintiff discovers, or in the exercise of reasonable care should have discovered, that he or she was injured by the wrongful conduct of the

defendant. *Id.*

Chic has provided no support for the proposition that the discovery rule applies to bad faith claims in Ohio. The Court notes that the Ohio Supreme Court has held that, "[t]he legislature's express inclusion of a discovery rule for certain torts arising under R.C. 2305.09 including fraud and conversion, implies the exclusion of other torts arising under the statute . . . ." *Investors Reit One v. Jacobs*, 546 N.E.2d 206, 211 (Ohio 1989); *see also Loyd v. Huntington Nat. Bank*, No. 1:08cv2301, 2009 WL 1767585, *7, n. 18 (N.D. Ohio June 18, 2009) (slip op.) ("the discovery rule contained in [2305.09] does not apply to claims described in sub-section (D). The plain language of the discovery rule clause limits its application to only certain types of claims set forth in sub-sections (A)-(C)."). Therefore, the Court finds that Ohio courts do not apply the discovery rule to bad faith claims. *Accord Finn v. Great N. Ins. Co.*, 2008 WL 241261, *3 (Ohio Ct. App. Jan. 30, 2008) (unpublished). Accordingly, Chic's bad faith claim is barred by the statute of limitations, and Jewelers is entitled to summary judgment on this claim.

### III. CONCLUSION

Based on the foregoing, Defendant Jewelers Mutual Insurance Co.'s Motion for Summary Judgment (Doc. 26) is hereby **GRANTED**. Plaintiff Chic Promotions Inc.'s Complaint is hereby **DISMISSED with PREJUDICE**. This matter is **CLOSED** and **TERMINATED** from this Court's docket.

**IT IS SO ORDERED.**

                                               */s/ Michael R. Barrett*
                                               Michael R. Barrett, Judge
                                               United States District Court